**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| AARON LITTLE FRENCH, | |
| Plaintiff, | |
| v. | Civil Action No.:  PX-23-1775 |
| LT. STEPHEN ELLIOTT,<br>LT. N. EDWARDS,<br>LT. CLAYTON,<br>SGT. DUBOIS,<br>OFFICER J. DOE,<br>EASTERN CORRECTIONAL INST., | |
| Defendants. | |

**MEMORANDUM OPINION**

Aaron Little French, an inmate at Eastern Correctional Institution ("ECI"), brings this civil rights action against Lieutenants Stephen Elliott, N. Edwards, and Clayton; Sergeant Dubois, Officer John Doe, and Eastern Correctional Institution ("ECI"), for retaliation and unconstitutional living conditions.  ECF No. 1.  On April 2, 2024, Defendants Clayton, Dubois, and ECI moved to dismiss the Complaint for failure to exhaust administrative remedies.  ECF No. 15.  French opposed the motion (ECF No. 33), and on December 16, 2024, filed a Motion for Leave to File a Supplemental Complaint (ECF No. 32).  French also moved for summary judgment in his favor, but the motion reads as a supplemental response to the Defendants' motion and will be treated as such.  ECF No. 34.  No hearing is necessary.  *See* L. R. 105.6 (D. Md. 2023).  For the reasons discussed below, Defendants' motion, construed as one of summary judgment, shall be granted and French's motions shall be denied.

## I.    Background

The Complaint describes three distinct claims. Claims I and III allege that Defendants retaliated against French for filing administrative remedy procedure complaints ("ARPs"). ECF No. 1. Claim II principally alleges that French's extended placement in a freezing cell amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *Id.* Defendants contend that each claim must be dismissed because French failed to exhaust administrative remedies before filing suit. ECF No. 15. The Court first summarizes the facts and administrative history of each claim.[2]

Claim I concerns Officer Stephen Elliott's alleged retaliation for French's November 2021 ARP. ECF No. 1 at 7. The Complaint avers that Elliott and Lieutenant Edwards attempted to intimidate French to withdraw the November 2021 ARP. *Id.* When French refused, Elliott warned he would have French's cell searched. *Id.* at 7-8. In connection with that perceived threat, French filed ARP # ECI-0036-22. ECF No. 15-8. In that ARP, French complains that Elliott summoned him under the guise of an interview about the prior property incident, and instead searched his cell, placed him on disciplinary segregation, strip searched him, withheld food, and did not give him a mattress or bedding for a day and a half. *Id.* Ultimately, ARP # ECI-0036-22 was dismissed with instructions to resubmit with additional necessary information. *Id.* French never refiled the ARP.

---

[2] French separately moved to "supplement" his Complaint, alleging that Defendant Sergeant Dubois and Officer Lopez assaulted him on March 3, 2024, gravely injuring him. ECF No. 32-1 at 2. The proposed new claim is unrelated to the Complaint allegations, aside from involving one named defendant. Although leave to amend must be freely granted, the Court may deny amendment where the proposed amendment prejudices the opposing party by belatedly changing the nature of the litigation. *See Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603-04 (4th Cir. 2010); *see also Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987). Because the proposed new claim does not concern the facts and circumstances underlying the current claims, the addition of this claim would inordinately delay resolution of this matter. The Court, therefore, denies French's motion to supplement the Complaint. Should French wish to pursue the allegations in the proposed additional claim, French is free to file a separate complaint for constitutional deprivations pursuant to 42 U.S.C § 1983.

Claim II concerns French's conditions of confinement connected to the events described in Claim I. French avers that he spent 36 days in "lock up," from December 21, 2021, through January 25, 2022, under unconstitutionally harsh conditions. ECF No. 1 at 10. He was placed in a bare cell with only a toilet and bunk bed. A broken window let in frigid air that made his skin feel "burned by frost," even when he was wearing "every scrap of clothing he was issued." *Id.* at 14. Because of French's prolonged exposure to the cold, he became ill but was not seen by a health care provider until February of 2022. *Id*. at 14.

On February 23, 2022, French filed an ARP concerning his harsh living conditions. ECF No. 33-2 at 1-2 (ARP # ECI-0273-22). The ARP was dismissed as untimely because French had not filed it within thirty days of the date of the incident. *Id*. at 1. On March 7, 2022, French appealed the dismissal to the Commissioner, arguing the petition was timely because the harsh conditions had extended through January 25, 2022. *Id*. at 4. The appeal was also dismissed as untimely on March 16, 2022. *Id*. French took no further administrative action on this ARP.

Claim III concerns Sergeant Dubois' alleged vindictive transfer of French to a different housing unit and DuBois' refusal to honor French's request for a "cell swap." ECF No. 1 at 15-18. The record does not reflect that French submitted an ARP regarding these allegations. Although French supplies the Court with an ARP form that he contends he filed in connection with these events, ECF No. 33-4 at 1, the supposed ARP is handwritten and unsigned, and bears none of the indicia of an authentic ARP. *Id.* Nothing else in the record suggests that French submitted this or any other ARP in connection with this incident. *Id*., *see also* ECF No. 15-7 at 8 (chart of ARP decisions appealed).

On June 23, 2023, French wrote the Office of the Maryland Attorney General to complain about various nonspecific "instances of reprisals" for having filed ARPs. ECF No. 33-4 at 3. He

argued that he "attempted" to file the handwritten ARP but the prison failed to process it. *Id.* The Attorney General responded that French should direct his concerns to the Department of Public Safety and Correctional Services. *Id.* French appears not to have taken any further administrative action regarding this claim.

## II.    Analysis

The Prisoner Litigation Reform Act ("PLRA") requires that prior to filing suit in federal court, a prisoner must pursue his claim through all available administrative remedies. 42 U.S.C. § 1997e. Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust administrative remedies before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Corr. Health Servs.,* 407 F.2d 674, 682 (4th Cir. 2005).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). But the Court must also ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); and an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross v. Blake*, 578 U.S. 632, 636 (2016). An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aguilar-Avellaveda*, 478 F.3d at 1225); *see also Kaba*, 458 F.3d at 684.

Maryland inmates have available an administrative grievance process for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), § 10-201 *et seq.;* Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). An inmate must

first file an ARP within 30 days from the incident, and if denied, he must appeal the denial to the Commissioner of Correction within 30 days of the date of the dismissal. COMAR 12.02.28.09(B); COMAR 12.02.28.14(B)(5). If the Commissioner finds against the inmate, the inmate next must file a grievance with the Inmate Grievance Office ("IGO"). C.S. § 10-206(a); C.S. § 10-210; COMAR 12.02.28.18. If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06(B). An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). Because failure to exhaust is an affirmative defense, the Defendants must prove that the inmate failed to exhaust all available remedies. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

If a prisoner's failure to exhaust is "apparent from the facts alleged," then dismissal is warranted. *Anderson*, 407 F. 3d at 682. Alternatively, where the Complaint does not clearly determine the issue, the court may examine material outside the pleadings and treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Gadsby by Gadsby v. Grasmick*, 109 F. 3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 556 (D. Md. 2003). The parties have submitted evidence beyond the Complaint on the exhaustion question, and so the Court will treat the motion as one for summary judgment. *See, e.g.*, *Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).

The record plainly reflects that French has failed to exhaust remedies. The Warden had dismissed the ARPs for Claims I and III on procedural grounds. ECF Nos. 15-8 at 1, ECF No. 33-2. French took no further action. And as for Claim II, the Court is not convinced that an ARP was filed at all. ECF No. 33-4 at 1. Certainly, French never appealed any such actions. ECF No. 15-7. Thus, viewing the record most favorably to French, the claims are unexhausted and summary judgment is proper in Defendants' favor.

In response, French contends generally that he could not exhaust remedies because Defendants deliberately frustrated the process.  ECF No. 34 at 4, 6; ECF No. 35 at 8 -9 (claiming unavailability of administrative remedy procedure).  But French provides no details as to how anyone frustrated his ability to refile the defective ARP as to Claim I, or to pursue timely process on the remaining claims.  Nor does he provide the Court anything to suggest that he tried to comply with those directives or attempted to appeal the dismissals to the Commissioner of Correction.  Accordingly, summary judgment must be granted for failure to exhaust administrative remedies.  Given that the time to pursue administrative remedies has long since passed, COMAR 12.02.28.09(B), Defendants are entitled to summary judgment for lack of exhaustion.

**III.    Conclusion**

For the foregoing reasons, Defendants' Motion, construed one for summary judgment in their favor, is granted.  A separate Order follows.

| | |
|---|---|
| 2/11/25 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |